(C. D. 1032)

CHARLES C. PERRY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 30, 1946)

*Jordan & Klingaman* (*Edward F. Jordan* and *Jacob L. Klingaman* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Arthur R. Martoccia, Richard H. Welsh,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

TILSON, Judge: This suit against the United States involves the proper classification of certain imported hats. The collector classified the hats as bleached and assessed duty thereon at the rate of 25 per centum ad valorem plus 25 cents per dozen under the provisions of paragraph 1504 (b) (2) of the Tariff Act of 1930. The plaintiff claims said hats to be properly dutiable at only 25 per centum ad valorem under paragraph 1504 (b) (1) of said act, as not bleached.

The pertinent part of the involved paragraph reads as follows:

(b) Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:

(1) Not blocked or trimmed, and not bleached, dyed, colored, or stained, 25 per centum ad valorem;

(2) not blocked or trimmed, if bleached, dyed, colored, or stained, 25 cents per dozen and 25 per centum ad valorem;

The suit has been submitted for decision upon the following stipulation:

That the claim herein is limited to the items described on the invoice as "Ishime Cell. Bangkok Hats—Natural."

That the sample hats forwarded to the court by the collector of customs with the protest are truly representative of the above described hats, and that the said samples may be received in evidence and marked collective exhibit 1.

That the said hats were classified by the collector of customs as "Hats * * *, composed wholly or in chief value of * * * paper * * * bleached" under paragraph 1504 (b) (2), Tariff Act of 1930, and that they are not blocked or trimmed, and are not dyed, colored, or stained.

That the above described hats were woven from paper cut into strips and twisted into the form of strings.

That neither the said paper as such, nor the said paper strings, nor the said hats themselves were subjected to any bleaching process.

That a preponderance of the fibers in the pulp from which the said paper was produced was in fact bleached.

It will be observed at the outset that the facts agreed to by counsel for the respective parties, as set out above, narrow the issue presented in this case to the single question of whether or not the bleaching of a preponderance of the fibers in the pulp from which the said paper was produced, serves to make the hats, which were woven from said paper after it had been cut into strips and twisted into the form of strings, hats, bleached, within the meaning of said paragraph 1504 (b) (2), as classified by the collector. If so, the hats are subject to the additional duty of 25 cents per dozen; otherwise, the hats are dutiable at only 25 per centum ad valorem, as alleged by the plaintiff.

Paragraph 1504 (b) (2) contains no provision for "bleached hats," but the provision is for "Hats * * * composed wholly or in chief value of * * * paper * * * if bleached." This view was very succinctly stated by our appellate court in *United States* v. *Armand Schwab & Co., Inc., et al.*, 30 C. C. P. A. 72, as follows:

It will be observed that paragraph 1504 (b) (2) provides for hats composed of manila hemp, "if bleached." It does not provide for "bleached hats."

Counsel for the plaintiff, in their brief filed herein, contend:

That the terms "bleached, dyed, colored, or stained" as used in paragraph 1504 refer to processes superadded to the existing named articles (braids, hats, etc.) or to the existing named materials (straw, chip, paper, grass, etc.)

That the involved hats are not "bleached" within the meaning of the paragraph because neither the hats themselves nor the paper from which they were made, in its condition as paper, was subjected to a bleaching process.

In answering the question here presented as to whether or not the involved merchandise is hats, if bleached, we must also give consideration to the other provisions in said paragraph for hats, if dyed;

hats, if colored; and hats, if stained. Under the language of the paragraph we are not permitted to use one rule to determine whether this merchandise is hats, bleached, and then use another rule to determine whether the merchandise is hats, dyed; hats, colored; or hats, stained. Such procedure would lead only to incongruous results.

We do not feel that it can be successfully denied that all the materials and articles named in said paragraph 1504, in their natural state, possess color. It is a matter of common knowledge that all hats, and all materials of which hats are made, possess color. Therefore, when the Congress made provision for "Hats * * * composed wholly or in chief value of * * * paper * * * if * * * colored," it had in mind the superaddition of coloring matter of some kind to the material or article. If this were not true, then the use of the word "colored" in said paragraph 1504 is absolutely meaningless. Under the doctrine of *noscitur a sociis*, the meaning of "bleached" must be interpreted in the light of the meaning attributable to its correlated term "colored" in the same paragraph.

Should the term "colored" be construed to mean merely possessing color, then hats and other articles, and braids and other material, all provided for in said paragraph 1504, composed of straw, grass, or any of the other named materials, would be dutiable as hats, etc., or braids, etc., "colored," and this would be true even though the hats, etc., or the braid, etc., had not been subjected to any coloring process whatsoever, for the simple reason that all such materials and articles possess color naturally.

As supporting our view that in using the word "bleached" in said paragraph 1504 (b) (2) the Congress had in mind a superadded process to the material or article itself, we refer to the case of *Armand Schwab & Co., Inc., et al.* v. *United States* (8 Cust. Ct. 231, C. D. 613). In that case the merchandise had been classified as hemp hats, bleached. This court held that the hats were not bleached, and this decision was affirmed in *United States* v. *Armand Schwab & Co., Inc., et al.*, 30 C. C. P. A. 72. In the course of our decision we stated:

As against the foregoing testimony of the plaintiffs, the defendant offered the testimony of witness McSorley, who stated that he had been engaged as a Government chemist * * * for a period of approximately 30 years, and who testified that by a visual comparison of exhibits 1, 2, and 3 with a piece of what the witness stated was "Manila hemp in its natural state," marked illustrative exhibit H, in his judgment exhibits 1, 2, and 3 are *lighter in shade, lighter in color*, than illustrative exhibit H. [Italics ours.]

The fact that the hats involved in the *Armand Schwab* case, *supra*, were "colored" is clearly established by the above quotation, and the fact that the record showed that the "color" was not superadded to either the material or to the article *per se* is the only justification this court or our appellate court had for not holding the hats to be

"colored," once it had been determined that the hats had not been bleached. If a hat be classified as "bleached" under paragraph 1504 (b) (2) and it is shown that the hat is not "bleached," but that it is "colored," it is nevertheless classifiable and dutiable under said paragraph 1504 (b) (2) as a hat, colored.

In *Kaplan Bros.* v. *United States*, 21 C. C. P. A. 87, our appellate court held in substance that hats are bleached whether the art of bleaching was performed upon the material before it became hats or upon the hats themselves. The merchandise in that case consisted of hats composed wholly or in chief value of paper, which paper in its condition as such was bleached, thereafter it was braided or woven to form the hats; after the paper was thus braided or woven to form the hats, the completely formed hats were not subjected to any bleaching process. It should be noted, however, that the "paper" *per se* was bleached, and that "paper" is one of the materials named in said paragraph 1504 (b) (2). However, the *Kaplan* case, *supra*, does not contain a complete answer to the question here presented by reason of the different factual situation presented by the two cases. In holding the hats involved in the *Kaplan* case, *supra*, to be hats, bleached, both this court and our appellate court relied to a great extent upon the case of *Kayser & Co.* v. *United States*, 13 Ct. Cust. Appls. 474. In the *Kayser* case, our appellate court said:

> From the fact that the points were placed upon the material after the fabric was cut into tranks, and before the tranks were fashioned into gloves, it is contended that the embroidery was not put upon the gloves, but upon the fabric, and that therefore the completed articles were not embroidered gloves. That argument is sophistical and has no sound reason to support it. The work on the points was embroidery, when it was placed on the tranks, and it was no less embroidery after the tranks were converted into gloves.

In the instant case it is conceded "That a preponderance of the fibers in the pulp from which the said paper was produced was in fact bleached." To what manufacturing processes the paper pulp was subjected after a majority of the fibers therein had in fact been bleached, before the said paper pulp was converted into paper, we are not advised. Neither is there any evidence to show that any process was applied to the paper pulp, after a majority of the fibers therein had in fact been bleached, which in any manner, or to any degree, removed therefrom the bleaching effect thus imparted to the said fibers while in the stage of paper pulp. Since it is admitted that the paper pulp, *per se*, was bleached, and since there is no evidence to show that this bleaching effect was thereafter to any extent removed, it must be held that the bleached paper pulp, when converted into paper, was bleached paper.

If, after the majority of the fibers in the paper pulp were bleached, they were subjected to any process which removed the bleaching effect

thus imparted to them, to the extent that the paper made from said paper pulp would not be bleached paper, this was a matter of proof which rested upon the plaintiff, and which is entirely lacking in this case. In the absence of such proof, in order to hold the involved hats to be hats, not bleached, we would have to assume that the bleaching effect imparted to the fibers in the paper pulp was, subsequent to the paper pulp being converted into paper in some manner removed. This we cannot do.

For the reasons stated all claims of the plaintiff in this suit are overruled. Judgment will be rendered accordingly.